UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**VIKRANT PODDAR**

      **Plaintiff,**       Civil Action No.:
 v               **COMPLAINT&**
                 **JURY TRIAL DEMAND**

**TURK HAVA YOLLARI ANONIM
ORTAKLIGI, d/b/a TURKISH AIRLINES, and
TURKISH AIRLINES, INC.,**

      **Defendants.**

## COMPLAINT

COMES NOW VIKRANT PODDAR, (hereinafter "Plaintiff or Mr. PODDAR"), and hereby alleges against Defendants, jointly and severally, as follows:

### PARTIES JURISDICTION AND VENUE

1. Plaintiff Vikrant Poddar is domiciled in the State of Texas, with his principle and permanent residence in Sugarland, Texas.

2. Defendant Turk Hava Yollari Anonim Ortakligi, d/b/a Turkish Airlines, and Turkish Airlines, Inc., is a commercial airline/air carrier, incorporated and headquartered in Istanbul, Turkey, and registered to do business in the State of Texas, Texas Secretary of State Filing Number 801737408, with its registered agent for service of process being 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (the "Montreal Convention").

4. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391, in that Defendants have offices and transacts business within this judicial district, namely at 1885 Saint

James Place Suite 1000, Houston, Texas, and at the international terminal of Bush Intercontinental Airport, Houston, Texas (IAH).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391, in that a substantial part of the events or omissions giving rise to the claim arose out of Defendants' contacts with the judicial district.

4. Plaintiff resides in Houston, Texas.

5. Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a Turkish Airlines is a foreign corporation.

6. Defendant TURKISH AIRLINES, INC., is a foreign corporation incorporated under the laws of the State of New York and authorized to do business in the State of Texas.

7. Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a Turkish Airlines was and is a common carrier engaged in the business of transporting passengers for hire by air.

8. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, Defendant TURKISH AIRLINES, INC. was and is a common carrier engaged in the business of transporting passengers for hire by air.

9. As part of its business as a common carrier of passengers by air, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a Turkish Airlines operates regularly scheduled flights to and from Bush Intercontinental Airport, Houston, Texas (IAH).

10. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, as part of its business as a common carrier of passengers by air, Defendant TURKISH AIRLINES, INC. operates regularly scheduled flights to and from Bush Intercontinental Airport, Houston, Texas (IAH).

11. The Plaintiff's travel pursuant to the contract of carriage which forms the basis for

this cause of action originated, concluded, and was purchased in the State of Texas.

12. Upon information and belief, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a Turkish Airlines and Defendant TURKISH AIRLINES, INC. share common ownership, management, employees, shareholders, members, capital, resources, officers, and/or directors.

## STATEMENT OF FACTS

13. On or about February 28, 2025, wherein Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a Turkish Airlines operated and controlled a certain aircraft, designated as Turkish Airlines Flight TK0721 from Istanbul Airport, Istanbul, Turkey (IST) to Bush Intercontinental Airport, Houston, Texas (IAH) ("the subject flight").

14. Plaintiff VIKRANT PODDAR was a fare-paying passenger lawfully travelling onboard the subject flight.

15. Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a Turkish Airlines employed a flight crew aboard the subject flight who were responsible for the safe and secure operation of its flights as well as the safety and well-being of its passengers.

16. The subject flight was conducted on an aircraft owned, leased, operated, staffed, or otherwise controlled by Defendant TURKISH AIRLINES, INC.

17. Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a Turkish Airlines was responsible for the training, management, supervision, and/or control of its flight crew aboard the subject flight, including but not limited to the crew's adherence to standard safety policies and protocol.

18. On or about February 28, 2025, while seated aboard the subject aircraft, Plaintiff was injured as the result of an accident.

19. Specifically, during the course of the subject flight Plaintiff was severely burned

as after coming into contact with scalding hot liquid. Plaintiff was seated on the aircraft when his wife requested warm water from the flight attendant. In response, the flight attendant negligently provided boiling hot water in a flimsy paper cup, which spilled onto Plaintiff's leg. As a direct and proximate result, Plaintiff sustained second-degree burns, causing severe pain, injury, and damages.

20.     The injuries of Plaintiff were caused by an accident pursuant to Article 17 of the Montreal Convention, defined as an unexpected or unusual event or occurrence external to the Plaintiff, and not by Plaintiffs infant's own internal reaction to the normal operation of the aircraft.





21.     In particular, the flight attendant responsible for providing hot water to the Plaintiff's wife

violated the standard policies and procedures governing in-flight service as prescribed by Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a Turkish Airlines, Turkish Airlines, Inc. These policies include, but are not limited to, ensuring hot beverages are served in containers designed to minimize the risk of spillage and injury, verifying that liquids served are at a safe temperature, and providing appropriate protective containers with lids. The flight attendant failed to adhere to these procedures by dispensing excessively hot water into an uninsulated, flimsy paper cup without a lid or protective holder, thereby breaching their duty of care and violating internal Turkish Airlines policies related to passenger safety and service delivery. Such actions were contrary to industry standards and to Turkish Airlines' own documented flight service training and protocols.

22. As a result of said accident, Plaintiff was injured.

23. As a result of said accident, Plaintiff was seriously injured.

24. As a result of said accident, Plaintiff was permanently injured.

25. As a result of said accident, Plaintiff suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

26. As a result of said accident, Plaintiff suffered economic loss and in the future shall continue to suffer from same.

27. As a result of said accident, Plaintiff was forced to expend sums of money on medical treatment and in the future shall continue to expend money on same.

28. As a result of said accident, Plaintiff was deprived of his enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

29. As a result of the foregoing, Defendants are liable to pay full, fair and reasonable damages to Plaintiff pursuant to the Montreal Convention.

30. Defendants cannot meet their burden of proving that their negligence did not cause or contribute to the accident and the resulting injuries to Plaintiff.

31.  Defendants cannot meet their burden of proving that the injuries suffered by Plaintiff were caused solely by the acts of third parties.

32.  Plaintiff did not cause or contribute to his injuries and is free from any comparative fault.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff VIKRANT PODDAR, demands judgment against Defendants, TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES and TURKISH AIRLINES, INC., in an amount to be determined at trial, together with interest, costs and disbursements of this action.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff, MR. PODDAR hereby demands a trial by jury of all issues herein triable of right by jury.

Dated: September 30, 2025,

Respectfully submitted,

**HUSAIN LAW + ASSOCIATES, P.C.**

By: */s/ Nomaan K. Husain*
**NOMAAN K. HUSAIN**
State Bar No. 24000743
Federal Bar No. 23229
5916 Winsome Lane, Suite 400
Houston, Texas 77057
Telephone: (713) 800-1200
Facsimile: (713) 800-0786
E-Service: eserve@hlalawfirm.com

**COUNSEL FOR PLAINTIFF**